ACCEPTED
04-14-00362-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/21/2015 11:53:49 AM
KEITH HOTTLE
CLERK

NO. 04-14-00362-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/21/15 11:53:49 AM
KEITH E. HOTTLE
Clerk

IN RE: GUARDIANSHIP OF TERRY L. GILMER, AN INCAPACITATED PERSON

ON APPEAL FROM THE COUNTY COURT AT LAW, KENDALL COUNTY, TEXAS
HONORABLE BILL PALMER PRESIDING
CAUSE NO. 13-070-PR

APPELLEES' MOTION FOR EN BANC RECONSIDERATION
OF THE COURT'S JUNE 10, 2015 JUDGMENT

LOVORN LAW FIRM, PLLC
Shawn Lovorn
State Bar No. 24050959
470 S. Main Street, Suite 4
Boerne, Texas  78006
(830) 248-1777 – Telephone
(830) 248-1177 – Facsimile
slovorn@lovornlawfirm.com

**ATTORNEY FOR APPELLEE
TERRY L. GILMER, AN INCAPACITATED PERSON**

# IDENTITY OF PARTIES AND COUNSEL

The following is a list of all parties to this appeal and the names and addresses of those parties' counsel:

**APPELLANTS/APPLICANTS**
Sharlene Gilmer Anderson
Daniel Gilmer

**APPELLATE COUNSEL**
Samuel V. Houston, III
Houston Dunn, PLLC
4040 Broadway, Suite 440
San Antonio, Texas 78209

**TRIAL/APPELLATE COUNSEL**
Shawn Lovorn
Lovorn Law Firm, PLLC
470 S. Main Street, Suite 4
Boerne, Texas 78006

**AD LITEM TRIAL COUNSEL**
Chris Wallendorf
Law Office of Chris Wallendorf
722 Front Street, Suite 101
P.O. Box 279
Comfort, Texas 78013

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................i

TABLE OF CONTENTS...................................................................ii

TABLE OF AUTHORITIES.............................................................iii

    I.      INTRODUCTION/SUMMARY OF THE ARGUMENT.................1

    II.    THE COURT'S ANALYSIS DOES NOT FOLLOW PRECEDENT OUTLINED IN *BENAVIDES* AND *VALDEZ,* NOR DOES SUCH ANALYSIS FOLLOW THE PLAIN LETTER OF THE LAW ........................................................................2

        A.    The Court's conclusion is erroneous taking into account prior precedent and section 1104.354 of the Estates Code...................................................................2

CERTIFICATE OF SERVICE...........................................................6

# TABLE OF AUTHORITIES

**CASES:**                                                                                              **PAGE**

*In re Guardianship of Benavides, No. 04-13-00197-CV,*
    2014 WL 667525 (Tex. App. – San Antonio
    February 19, 2014, pet. denied) (mem. op.)...............................iii, 1, 2, 4, 5

*In re Guardianship of Valdez, No. 04-07-00712-CV,*
    2008 WL 2332006 (Tex. App. – San Antonio
    June 4, 2008, pet. denied) (mem. op.).............................iii, 1, 2, 4, 5


**STATUTES:**

Texas Estates Code, Sections 1055.001, 1101.001,
    and 1104.354.......................................................iii, 1, 2, 3, 4, 5


**ARTICLES:**

M. Keith Branyon, *Standing: How much is a Ticket to the Dance,*
    March 21, 2014.................................................................iii, 3

TO THE HONORABLE FOURTH COURT OF APPEALS:

Appellee Terry L. Gilmer respectfully requests that this Court reconsider its decision en banc to ensure uniformity in this Court's prior decisions.

**A.    Maintaining uniformity of the Court's Decisions make en banc reconsideration appropriate.**

Texas Rule of Appellate Procedure 41.2 (c) permits the Court to grant reconsideration en banc to maintain uniformity of the Court's decisions. The present case's ruling is contrary to this Court's rulings in *Benavides* and *Valdez*. *See In re Guardianship of Benavides*, No. 04-13-00197-CV, 2014 WL 667525, at *1 (Tex. App. – San Antonio Feb. 19, 2014, pet. denied) (mem. op.); *In re Guardianship of Valdez*, No. 04-07-00712-CV, 2008 WL 2332006 (Tex. App. – San Antonio June 4, 2008, pet. denied) (mem. op.).

**I.    <u>INTRODUCTION/SUMMARY OF THE ARGUMENT</u>**

Reconsideration en banc is appropriate in this instance because the Court's ruling does not follow its own precedent set in *Benavides* and *Valdez*.

This Court has previously blended the "Conflict of Interest/Disqualification" statute with the "Adverse Interest" statute as seen in *Benavides* and *Valdez* and does so also in this present case. *In re Guardianship of Benavides*, No. 04-13-00197-CV, 2014 WL 667525, at *1 (Tex. App. – San Antonio Feb. 19, 2014, pet. denied) (mem. op.); *In re Guardianship of Valdez*, No. 04-07-00712-CV, 2008 WL

1

2332006 (Tex. App. -San Antonio June 4, 2008, pet. denied) (mem. op.). Although this Court states that the statutes are distinct, the blurring and merging of such statutes is apparent. I would urge this Court to merge such statutes, but at the same time follow the letter of the law. If this Court follows the wording of section 1104.354(1), I would urge this Court to revisit the plain language of the statute and follow it accordingly. In following the plain language of section 1104.354(1) and following the precedent set forth in *Benavides* and *Valdez*, the Court must find that the Daniel and Sharlene are both persons whose parent is a party to a lawsuit concerning or affecting the welfare of the proposed ward and therefore may not be appointed as guardian and thus have an adverse interest to Terry Gilmer. The Court's present ruling has a potential devastating effect on prior precedent and future decisions and for that reason Appellee urges this Court to consider the following argument.

## II. THE COURT'S ANALYSIS DOES NOT FOLLOW PRECEDENT OUTLINED IN *BENAVIDES* AND *VALDEZ*, NOR DOES SUCH ANALYSIS FOLLOW THE PLAIN LETTER OF THE LAW

**A. The Court's ruling is erroneous taking into account prior precedent and section 1104.354 of the Estates Code.**

This Court states that "The standard for determining a person's standing to file a guardianship application under section 1055.001(b)(1) **is distinct** from the

2

standard in determining whether a person is disqualified from being appointed as guardian under section 1104.354." (Opinion at 14) (emphasis added). However, this Court has previously seemed to add language to section 1055.001 by using the "disqualification of guardian" statutes to define "adverse interests" in *Valdez*. *See* M. Keith Branyon, *Standing: How much is a Ticket to the Dance*, March 21, 2014.

In *Valdez*, this Court stated, "Because Jerry was suing Martha Jane [proposed ward], he had an interest adverse to her." *See In re Guardianship of Valdez*, No. 04-07-00712-CV, 2008 WL 2332006 (Tex. App. -San Antonio June 4, 2008, pet. denied) (mem. op.). This statement is directly correlated to and taken from section 1104.354. *Benavides* is no different as Branyon states, "This decision again blended the "adverse interest" statute with the "disqualification" statute. *See* M. Keith Branyon, *Standing: How much is a Ticket to the Dance*, March 21, 2014.

Because it is apparent that prior precedent as well as in this Court's current ruling that the "disqualification statute" is used to determine "adverse interest" we need to look specifically at the language of the "disqualification statute." A person may not be appointed guardian if the person: (1) is a party or is **a person whose parent is a party to a lawsuit concerning or affecting the wefare of the proposed ward**.... TEX. ESTATES CODE § 1104.354(1) (emphasis added).

The statute is clear on its face and the facts in this case are just as clear. Sharlene and Daniel are both persons whose parent is a party to a lawsuit concerning or

affecting the welfare of the proposed ward. Therefore, if we look at the Court's previous cases, *Valdez* and *Benavides*, the Court's decision in this present case is erroneous. Because this Court has used section 1104.354(1) of the Estates Code to determine lack of standing, the fact that neither Sharlene, Daniel nor their father could be appointed guardian equates to them lacking standing to file the application for guardianship, pursuant to this Court's prior precedent. If this Court chooses not to follow *Valdez* and *Benavides*, then the precedent is gone.

Lastly, if we take this Court's analysis and apply it to a guardianship trial, this Court's analysis and conclusion is flawed. In the event the issue of qualification of a proposed guardian was submitted to a jury under the facts presented in this case, the **only** possible outcome a jury could reach is that Sharlene and Daniel would be disqualified because they are "a person whose parent is a party to a lawsuit concerning or affecting the welfare of the proposed ward." TEX. ESTATES CODE § 1104.354(1). It is undisputed that Daniel and Sharlene's father is a party to a lawsuit affecting their mother. There is no fact issue for a jury.

The pattern jury charge regarding qualification states:

> Is Proposed Guardian of Person qualified to act as guardian of the person of Proposed Ward?
>
> A person is not qualified if the person is a person who, because of inexperience, lack of education, or other good reason, is incapable of properly and prudently managing and controlling the ward. Answer "Yes" or "No." PJC 240.8.

Further, the pattern jury charge should be modified with any other language reflecting <u>any other ground in chapter 1104</u> of the Texas Estates Code. *See* comment of PJC 240.8 (emphasis added).

Therefore, this Court's analysis and ruling should be reconsidered to follow in line with this Court's precedent set out in *Benavides* and *Valdez*. Because this case presents an unsettled interpretation of the above referenced statutes, definitions and its own prior precedent, I respectfully request that this Court reconsider its ruling.

Respectfully submitted

/s/ Shawn Lovorn
SHAWN LOVORN
State Bar No. 24050959
Lovorn Law Firm, PLLC
470 S. Main Street, Suite 4
Boerne, Texas 78006
(830) 248-1777 – Telephone
(830) 248-1177 – Facsimile
slovorn@lovornlawfirm.com

ATTORNEY FOR APPELLEE

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served in accordance with the Texas Rules of Appellate Procedure on the 21st day of July, 2015, to the following:

Chris Wallendorf            ***ViaEmail - Electronic Filing Manager***
J. Barrett Shipp              ***ViaEmail - Electronic Filing Manager***
Samuel V. Houston, III      ***ViaEmail - Electronic Filing Manager***


/s/ Shawn Lovorn
Shawn Lovorn